■ PETER LETTERESE & ASSOCIATES, INC., Appellant, v DANIEL DASHMAN, Respondent. [744 NYS2d 897] —In an action, inter alia, for a judgment declaring that the defendant breached his fiduciary obligation to the plaintiff, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated December 1, 2000, as granted the defendant's motion to dismiss the complaint, to impose sanctions and costs against it and its attorney, and to enjoin it and/or its agents from commencing any further actions against the defendant with respect to the claims in this action and a prior related action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant did not breach his fiduciary duty to the plaintiff.

The Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint. The complaint alleged, inter alia, that the defendant breached an ethical obligation arising as a result of the parties' prior attorney-client relationship and/or imposed under a prior release and settlement agreement that resolved several prior actions between the parties pending in various state and

federal courts. However, the settlement required the defendant to report to the plaintiff any attempt by a third party to "compel" disclosure of specified information, and it is uncontroverted that the breaches alleged herein involved mere inquiries, unaccompanied by any compulsion. Furthermore, insofar as the complaint alleged a breach of the attorney-client relationship, any such claims are barred by the release. We note, however, that the Supreme Court erred insofar as it relied upon the doctrine of collateral estoppel, as the dismissal of the earlier action did not necessarily decide the issues raised herein.

The Supreme Court also correctly assessed sanctions and costs against the plaintiff and his attorney, as this action, much like the related action that the Supreme Court previously dismissed (*see Letterese v Dashman,* 289 AD2d 378), is frivolous.

The plaintiff's remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the defendant did not breach his fiduciary duty to the plaintiff (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J.P., Altman, Florio and S. Miller, JJ., concur.